**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
Shirin Movahed, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Wilson Ave Management Corp., | Case No. 16-40341 (NHL) |
| Debtor. | |

**MOTION FOR ORDER ESTABLISHING PROCEDURES WITH REGARD TO THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 562 WILSON AVENUE, BROOKLYN, NEW YORK**

Wilson Ave Management Corp., the above-captioned debtor and debtor-in-possession ("Debtor"), hereby files this motion (the "Motion") seeking entry of an order pursuant to pursuant to 11 U.S.C. § 105(a) and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving bidding procedures (the "Sale Procedures") in connection with the sale (the "Sale") of certain real estate. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and

363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3.  On January 28, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.  The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with §§1107 and 1108 of the Bankruptcy Code.

5.  No committee of unsecured creditors has been appointed in this case.

6.  In or around January 2012, the Debtor purchased the premises located at 562 Wilson Avenue, Brooklyn, New York 11207 (the "Property"), subject to the mortgage.

7.  On September 14, 2016, the Debtor filed papers seeking to retain Maltz Auctioneers as brokers / auctioneers [Docket No. 39].

*Sale Procedures*

8.  The Debtor desires to receive the greatest value for the Property. Accordingly, the Sale Procedures annexed hereto as Exhibit "A" were developed consistent with the Debtor's objective of promoting active bidding that will result in the highest and best offer the marketplace can sustain for the Property.

9.  Moreover, the Sale Procedures reflect the Debtor's objective of conducting the Auction in a controlled, but fair and open, fashion that promotes interest in the Property by financially-capable, motivated bidders who are likely to close a transaction, while simultaneously discouraging non-serious offers and offers from persons the Debtor does not believe are sufficiently capable or likely to actually consummate a transaction.

## RELIEF REQUESTED

10. By this Motion, the Debtor requests entry of the order approving the sale

procedures.

## BASIS FOR RELIEF

**The Sale Procedures Should be Approved**

11. The Sale Procedures to be implemented to sell the Property are appropriate, a sound exercise of the Debtor's business judgment, and should be approved. Bankruptcy Code § 363(b)(1) provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. A debtor should be authorized to sell assets out of the ordinary course of business pursuant to Bankruptcy Code § 363 and prior to obtaining a confirmed plan or reorganization if it demonstrates a sound business purpose for doing so. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991) (stating that "sound business purpose test" is appropriate); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 177 (D. Del. 1991) (sale of substantially all of debtor's assets outside of reorganization plan is appropriate when sound business reason justifies such sale).

13. As noted above, the Debtor desires to receive the greatest value for the Property. The Sale Procedures were developed consistent with the Debtor's objective of promoting active bidding that will result in the highest and best offer the marketplace can sustain for the Property.

14. Moreover, the Sale Procedures reflect the Debtor's objective of conducting the Auction in a controlled, but fair and open, fashion that promotes interest in the Property by

procedures.

## BASIS FOR RELIEF

**The Sale Procedures Should be Approved**

11. The Sale Procedures to be implemented to sell the Property are appropriate, a sound exercise of the Debtor's business judgment, and should be approved. Bankruptcy Code § 363(b)(1) provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. A debtor should be authorized to sell assets out of the ordinary course of business pursuant to Bankruptcy Code § 363 and prior to obtaining a confirmed plan or reorganization if it demonstrates a sound business purpose for doing so. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991) (stating that "sound business purpose test" is appropriate); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 177 (D. Del. 1991) (sale of substantially all of debtor's assets outside of reorganization plan is appropriate when sound business reason justifies such sale).

13. As noted above, the Debtor desires to receive the greatest value for the Property. The Sale Procedures were developed consistent with the Debtor's objective of promoting active bidding that will result in the highest and best offer the marketplace can sustain for the Property.

14. Moreover, the Sale Procedures reflect the Debtor's objective of conducting the Auction in a controlled, but fair and open, fashion that promotes interest in the Property by

financially-capable, motivated bidders who are likely to close a transaction, while simultaneously discouraging non-serious offers and offers from persons the Debtor does not believe are sufficiently capable or likely to actually consummate a transaction.

15. Accordingly, the Debtor submits that the Sale Procedures will enable the Debtor to receive the highest and best value for the Property, and, as such, should be approved by this Court.

## **NOTICE**

16. The Debtor proposes to serve a copy of the Motion upon (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the secured lenders and / or counsel thereto; (iii) all creditors in this case; and ; (iv) all other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

17. No prior motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order substantially in the form annexed hereto, approving the Sale Procedures and granting the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 15, 2016

                            **VOGEL BACH & HORN LLP**
*Attorneys for the Debtor and Debtor-in-Possession*

By: */s/ Eric H. Horn*
      Eric H. Horn
      Shirin Movahed, Esq.
      1441 Broadway, 5th Floor
      New York, New York 10018
      (212) 242-8350