# TERMS AND CONDITIONS OF SALE

**PURSUANT TO AN ORDER OF THE HONORABLE NANCY H. LORD, DATED _____, 2016 THE REAL PROPERTY OF THE DEBTOR LOCATED AT 562 WILSON AVENUE, BROOKLYN, NEW YORK IS TO BE SOLD AT PUBLIC AUCTION.**

1. On January 28, 2016, Wilson Ave Management Corp., the debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"), commencing case number 16-40341 (NHL). To date, no committee, trustee, or examiner has been appointed, and the Debtor continues to operate and manage its business and property as a debtor-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

2. These Terms and Conditions of Sale are promulgated in connection with the court authorized Public Auction Sale (the "Auction") of the Debtor's real property located at 562 Wilson Avenue, Brooklyn, New York (the "Property"). The Auction shall be conducted by Maltz Auctions, Inc. ("Maltz"), the Debtor's duly retained real estate broker / auctioneer for the sale contemplated herein.

3. The Debtor is represented by Vogel Bach & Horn LLP ("VBH"), with offices at 1441 Broadway, 5th Floor, New York, NY 10018.

4. The Auction will be held on _____, 2017 at _____ am (the "Sale Date") at New York LaGuardia Airport Marriott Hotel, 102-05 Ditmars Boulevard, East Elmhurst, NY 11369.

5. The Successful Purchaser (as hereinafter defined) of the Property, will, at the time and place of the conclusion of the Auction, sign a memorandum of sale (the "Memorandum of Sale") in accordance with these Terms and Conditions of Sale.

6. In order to be permitted to bid on the Property, prior to the commencement of the Auction, each prospective bidder ("Bidder") must deliver to Maltz a certified check or bank check made payable to "Vogel Bach & Horn LLP, as Attorneys" in the amount of One Hundred thousand Dollars ($100,000.00) (the "Qualifying Deposit"), which amount shall serve as a partial good faith deposit against payment of the purchase price by such competing Bidder as VBH determines to have made the highest or best bid for the Property (the "Successful Purchaser"). Within 48 hours after conclusion of the Auction, the Successful Purchaser shall deliver to VBH, by certified check or bank check made payable to "Vogel Bach & Horn LLP, as Attorneys" or by wire in immediately available federal funds, an amount equal to 10% of the high bid realized at Auction minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit") plus a six (6%) percent Buyer's Premium (as hereinafter defined). The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within 48 hours after conclusion of the Auction. Failure of the Successful Purchaser to tender the 10% Deposit of the high bid at Auction and the Buyer's Premium within 48 hours

after conclusion of the Auction shall result in an immediate default under the terms of these Terms and Conditions of Sale and the Memorandum of Sale and shall result in the forfeiture of all earnest monies paid, including the Buyer's Premium.  The Successful Purchaser and the competing Bidder who VBH determines to have made the second highest or best bid for the Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by these Terms and Conditions of Sale and the Memorandum of Sale. **At the conclusion of the Auction, Maltz will return the Qualifying Deposits to all Bidders, except for the Successful Purchaser and the Second Highest Bidder.  The Second Highest Bidder's Qualifying Deposit shall be returned within two (2) business days following approval of the Auction by the Bankruptcy Court ("Court Approval Date").**

7. Pursuant to an order of the Bankruptcy Court, the Successful Purchaser, and the Second Highest Bidder in the event of a Successful Purchaser's Default (as hereinafter defined), are solely responsible to pay Maltz six percent (6%) of the high bid at Auction (the "Buyer's Premium").  The sum of the high bid at Auction and the Buyer's Premium is defined herein as the "Purchase Price".

8. The Successful Purchaser must pay the balance of the Purchase Price for the Property to VBH by certified check or bank check or by wire in immediately available federal funds.  The Successful Purchaser must close title to the Property at a date that is no more than thirty (30) days after the Court Approval Date, **TIME BEING OF THE ESSENCE as to the Successful Purchaser**, although such date may be extended solely by the Attorney for the Debtor.  Notwithstanding the foregoing, Debtor shall grant the Successful Bidder a single thirty (30) day extension, at the request of the Successful Bidder, provided Successful Bidder posts an additional, non-refundable deposit equal to ten (10%) percent of the Purchase Price prior to the thirtieth (30th) day following court approval (the "Additional Deposit").  The Additional Deposit shall be made by certified check or bank check made payable to "Vogel Bach & Horn LLP, as Attorneys" or by wire in immediately available federal funds and, together with the original Deposit, shall be deemed the "Deposit". If Successful Bidder elects for an extension, the Closing shall take place on or before the sixtieth (60th) day following court approval, **TIME BEING OF THE ESSENCE as to the Successful Bidder**.  If Successful Purchaser elects to exercise the Extension, Successful Purchaser shall be responsible for all real estate taxes incurred from the 30th day after the Court Approval Date through closing and shall pay interest on the Purchase Price at a nine (9%) percent annual rate from the 30th day after the Court Approval Date through to the actual day of closing.

9. If the Successful Purchaser fails to post the total required ten (10%) percent Deposit and six (6%) percent Buyer's Premium within 48 hours following the Public Sale ("Successful Purchaser's Default"), VBH, in its sole and absolute discretion, may, within three (3) business days of Successful Purchaser's Default, deem the Second Highest Bidder to hold all benefits and obligations under the Terms and Conditions of Sale and Memorandum of Sale, as the new Successful Purchaser (the "New Successful Purchaser").  The New Successful Purchaser shall not receive credit for any Deposit and/or Buyer's Premium forfeited by the initial Successful Purchaser.  The New Successful Purchaser must close title to the Property no later than forty five (45) days following receipt of written notice to the New Successful Purchaser of Successful Purchaser's Default (the "New Successful Purchaser's Closing"), **TIME BEING OF**

**THE ESSENCE as to the New Successful Purchaser**, although such date may be extended solely by VBH. Notwithstanding the foregoing, VBH shall grant the New Successful Purchaser a single thirty (30) day extension (the "New Successful Purchaser's Extension"), at the request of the New Successful Purchaser, provided the New Successful Purchaser posts an additional, non-refundable deposit equal to ten (10%) percent of the Purchase Price prior to the thirtieth (30th) day following receipt of notification of Successful Purchaser's Default (the "New Successful Purchaser's Additional Deposit"). The New Successful Purchaser's Additional Deposit shall be made by certified check or bank check made payable to VOGEL BACH & HORN, LLP, as Attorneys" or by wire in immediately available federal funds and, together with the original Deposit, shall be deemed the "Deposit". If the New Successful Purchaser elects to exercise the New Successful Purchaser's Extension, the Closing shall take place on or before the seventy fifth (75th) day following receipt of notification of Successful Purchaser's Default, **TIME BEING OF THE ESSENCE as to the New Successful Purchaser,** although such date may be extended solely by the Debtor. If the New Successful Purchaser elects to exercise the New Successful Purchaser's Extension, the New Successful Purchaser shall be responsible for all real estate taxes incurred from the 45th day following receipt of notification of Successful Purchaser's Default through closing and shall pay interest on the Purchase Price at a nine (9%) percent annual rate from the 45th day following receipt of notification of Successful Purchaser's Default through to the actual day of closing.

   10. The closing shall take place at the offices of Vogel Bach & Horn, LLP, with offices at 1141 Broadway, 5th Floor, New York, NY 10018 (the "Closing").

   11. The Successful Purchaser, or the New Successful Purchaser, as the case may be, shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Property inspections; appraisals, reports and other costs of Property due diligence; and County, State, New York City, or other real property transfer, deed or documentary tax, or other taxes imposed upon the sale due in connection with the transfer of the Property from the Debtor at Closing. The Successful Purchaser acknowledges that they will be responsible for the completion of any ACRIS forms, if required. The Debtor shall not be required to execute any form of title affidavit (but may in its sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions. The Successful Purchaser, or the New Successful Purchaser, as the case may be, acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms. In connection with the Closing and Closing date, the Successful Purchaser or the New Successful Purchaser, as the case may be, is hereby given notice that **TIME IS OF THE ESSENCE against the Successful Purchaser or the New Successful Purchaser, as the case may be, and the failure of the Successful Purchaser or the New Successful Purchaser, as the case may be, to close for any reason whatsoever (except as otherwise provided herein) including its failure to pay the balance of the Purchase Price on the Closing date, will result in an immediate forfeiture of the Deposit and Buyer's Premium and the termination of the Successful Purchaser's or the New Successful Purchaser's, as the case may be, right to acquire the Property under these Terms and Conditions of Sale and the Memorandum of Sale**. The Successful Purchaser or the New Successful Purchaser, as the case may be, shall be obligated to close title to the Property

and, except as expressly set forth herein, there is no contingency of any kind or nature that will permit the Successful Purchaser, or the New Successful Purchaser, as the case may be, to cancel or avoid its obligation under these Terms of and Conditions of Sale and the Memorandum of Sale other than the Debtor's inability to deliver insurable title to the Property. Further, the Successful Purchaser or the New Successful Purchaser, as the case may be, shall have demonstrated, to the satisfaction of Maltz and VBH, evidence of its ability to conclude the transaction upon these Terms and Conditions of Sale and the Memorandum of Sale, without delay. VBH reserves the right to reject any Purchaser or Bidder who the Debtor believes, in his sole discretion, is not financially capable of consummating the purchase of the Property. Expenses incurred by the Successful Purchaser, or any other Bidder, concerning any due diligence shall be the sole responsibility of such Bidder and, under no circumstances shall Maltz or the Debtor be responsible for, or pay, such expenses.

12.     The only commission that will be paid is to the Licensed Real Estate Broker, who registers the Successful Purchaser in accordance with the Broker Participation Agreement and has received confirmation of receipt and acknowledgement of valid registration by Maltz. The commission for such registered real estate broker will be two (2%) of the Successful Bid.

13.     Maltz and the Debtor and their professionals have not made and do not make any representations or warranties as to the physical condition, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or this Auction, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the current or future rents, other operating incomes or expenses; (vii) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (viii) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos, any lead paint or other hazardous materials anywhere on the Property, or notes or notices of violations of law or municipal ordinances, orders or requirements noted or issued by any governmental department, agency or bureau having authority as to but not limited to lands, housing, buildings, fire, health, environment and labor conditions affecting the property. Each Bidder hereby expressly agrees and acknowledges that no such representations or warranties have been made. Maltz and the Debtor shall not be liable or bound in any manner by expressed or implied warranties, guarantees, promises, statements, representations or information pertaining to the Property, made or furnished by Maltz or the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent Maltz or Debtor unless such warranties, guarantees, promises, statements, representations or information are expressly and specifically set forth in writing within these Terms and Conditions

of Sale and the Memorandum of Sale.  **The Property shall <u>not</u> be delivered vacant of tenancies at Closing.**

14.  The Property is being sold "**AS IS**" "**WHERE IS**", "**WITH ALL FAULTS**", without any representations, covenants, guarantees or warranties of any kind or nature, and free and clear of any liens, claims, or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the Closing, and sale of the Property is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions; provided, however, **the Property shall be delivered free and clear of any and all monetary liens**. By delivering their respective Qualifying Deposits, all Bidders acknowledge that they have had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Property in making their bids. Neither Maltz, the Debtor nor any of their collective representatives makes any representations or warranties with respect to the permissible uses of the Property including, but not limited to, the zoning of the Property. All Bidders acknowledge that they have conducted their own due diligence in connection with the Property and are not relying on any information provided by Maltz, the Debtor, or their professionals. The Property will be sold subject to any and all violations requiring corrective action.

15.  The Successful Purchaser has five (5) days from the Court Approval Date to order title, copy of which shall promptly be provided to VBH.  The Successful Purchaser has twenty (20) days from the Court Approval Date to advise VBH (by electronic mail to ehorn@vogelbachpc.com) of any and all title issues or defects that would in any way be an impediment to the Closing on the sale of the Property. Failure of the Successful Purchaser to advise VBH within twenty (20) days from the Court Approval Date of any such title issues or defects shall be deemed a waiver of any and all rights to raise any such title issues or defects, with VBH reserving the right to specify a particular title company to insure title, provided said company is licensed in the State of New York.

16.  The Debtor shall convey the Property by delivery of a quitclaim deed. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure. If the Successful Purchaser or the New Successful Purchaser, as the case may be, is unable to obtain title insurance, subject to the permissible exceptions contained herein, Debtor may, at its option, arrange for the issuance of a title insurance policy by such a company at the sole cost and expense of the Successful Purchaser, or the New Successful Purchaser, as the case may be.

17.  Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the "Bankruptcy Code" or otherwise interfere with the jurisdiction of the Bankruptcy Court.  All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by VBH or by the Court.  VBH reserves the

right to modify these Terms and Conditions of Sale at the Auction or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

18. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Auction of the Property. By making a bid for the Property, all Purchasers will be deemed to have acknowledged having read and understood these Terms and Conditions of Sale and have agreed to be bound by them.

19. If the Debtor is unable to deliver the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, the Debtor's and Maltz's only obligation will be to refund the Deposit and Buyer's Premium, without interest, to the Successful Purchaser and/or the New Successful Purchaser, as the case may be, and upon such refund, the Successful Purchaser or the New Successful Purchaser, as the case may be, and/or New Successful Purchaser will have no claim or recourse against the Debtor, Maltz or their professionals and shall have no further rights under these Terms and Conditions of Sale or Memorandum of Sale.

20. The Auction of the Property is subject to further order of the Bankruptcy Court confirming the Auction.

21. Either Maltz or VBH shall notify the Successful Purchaser whether the Auction is confirmed.

22. The Bankruptcy Court shall determine any disputes concerning the Auction of the Property. By participating in the Auction, all Purchasers consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending case.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By:_____ Date:_____

Print Name: _____

# MEMORANDUM OF SALE – SUCCESSFUL PURCHASER

High Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned has this ____ day of _____, 2017, agreed to purchase the property located at 562 Wilson Avenue, Brooklyn, New York 11207 the "Property") of Wilson Ave Management Corp., as the Chapter 11 debtor and debtor-in-possession for the sum of $_____ DOLLARS and hereby promises and agrees to comply with the annexed Terms and Conditions of Sale of the Property and this Memorandum of Sale.

_____    _____
SUCCESSFUL PURCHASER (Signature)     SUCCESSFUL PURCHASER (Signature)

_____    _____
PRINT NAME                            PRINT NAME

_____    _____
ADDRESS                               ADDRESS

_____    _____
ADDRESS (City, State, Zip)            ADDRESS (City, State, Zip)

_____    _____
TELEPHONE NUMBER                      TELEPHONE NUMBER

_____    _____
EMAIL ADDRESS                          EMAIL ADDRESS

Received from _____ the sum of $_____ DOLLARS, as a non-refundable deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

This is to verify that the final Purchase Price in the above sale was for the sum of $_____.

_____
Maltz Auctions, Inc.

**SUCCESSFUL PURCHASER ATTORNEY INFORMATION**

Name      _____

Address   _____

Phone     _____

## MEMORANDUM OF SALE – SECOND HIGHEST BIDDER

Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned has this ____ day of _____, 2017, agreed to purchase the property located at 562 Wilson Avenue, Brooklyn, New York 11207 the ("Property") of Wilson Ave Management Corp., as the Chapter 11 debtor and debtor in possession for the sum of $_____ DOLLARS in the event of the Successful Purchaser's Default and if deemed by VBH, in its sole and absolute discretion, to hold all benefits and obligations of a Successful Purchaser under the Terms and Conditions of Sale and this Memorandum of Sale and hereby promises and agrees to comply with the annexed Terms and Conditions of Sale of said Property and this Memorandum of Sale.

_____   _____
SECOND HIGHEST BIDDER (Signature)   SECOND HIGHEST BIDDER (Signature)

_____   _____
PRINT NAME                         PRINT NAME

_____   _____
ADDRESS                            ADDRESS

_____   _____
ADDRESS (City, State, Zip)         ADDRESS (City, State, Zip)

_____   _____
TELEPHONE NUMBER                   TELEPHONE NUMBER

_____   _____
EMAIL ADDRESS                      EMAIL ADDRESS

Received from _____the sum of $_____ DOLLARS, as a non-refundable deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

This is to verify that the final Purchase Price for the 2nd Highest Bid was in the above sale was for the sum of $_____.

_____
Maltz Auctions, Inc.

**SECOND HIGHEST BIDDER ATTORNEY INFORMATION**

Name      _____

Address  _____

Phone    _____