## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Wilson Ave Management Corp., | Case No. 16-40341 (NHL) |
| Debtor. | |

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND 363 AND RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN REAL ESTATE

Upon the motion dated October 15, 2016 (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor"), for, among other things, the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving sale procedures in connection with the sale of certain real estate, and (b) scheduling an auction and a sale hearing; and the Bankruptcy Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein before the Bankruptcy Court; and the Bankruptcy Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

  A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.  The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are 11 U.S.C. §§ 105 and 363 and Rules 2002 and 6004 of the Bankruptcy Rules.

C.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

D.  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E.  Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

F.  The Sale procedures substantially in the form attached hereto as Exhibit "A" (the "Sale Procedures") to the Motion are fair, reasonable and appropriate and are designed to maximize the recovery for the Debtor and its estate.

G.  The entry of this order is in the best interests of the Debtor, its estate, its creditors and parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Sale Procedures attached hereto as Exhibit "A," and incorporated herein by reference, are hereby approved in all respects and shall apply with respect to, and shall govern all proceedings related to the Sale.

2. All objections to the entry of this Procedures Order or to the relief provided herein that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

3. The Debtor is hereby authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

4. No later than seven (7) business days after entry of this Order, the Debtor (or its agents) shall serve a copy of this Order and the procedures approved thereby upon the following by first- class mail: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the secured creditors or counsel if known; (iii) all other entities (or counsel therefor) known to have asserted any liens, claims or encumbrances in or upon the Property; (vi) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by the Debtor to have an interest in the relief requested by the Motion; (v) all parties known by the Debtor to have expressed a bona fide interest in acquiring the Property; (vi) the Internal Revenue Service; (vii) the United States Attorney's office; and (viii) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case and all creditors in the case.

5. The Debtor is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Procedures Order.

6. As provided by Bankruptcy Rule 6004(h), this Procedures Order shall not be stayed for 14 days after the entry thereof and shall be effective and enforceable immediately upon the entry thereof.

7. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Procedures Order, including (but not limited to) the right to amend this Order.